```
            IN THE UNITED STATES DISTRICT COURT FOR THE
                    EASTERN DISTRICT OF VIRGINIA

                          Alexandria Division

CHUN QIANG LIU                )
                              )
        Plaintiff,            )
                              )
        v.                    )    1:06cv776(JCC)
                              )
TINA LUNG                     )
                              )
        Respondent.           )
```

### **M E M O R A N D U M   O P I N I O N**

This matter comes before the Court on the parties' cross-motions for summary judgment. For the following reasons, the Court will grant Plaintiff's motion and deny Respondent's motion.

### I. Background

Plaintiff, Chun Qiang Liu, has brought this action against Respondent, Tina Lung, in Lung's individual capacity and in her capacity as co-executor and beneficiary of the estate of Sen B. Lung ("the Estate"). Plaintiff seeks a declaratory judgment establishing the unenforceability of a security interest held by the Estate. The relevant facts, as alleged in Plaintiff's complaint, are as follows.

On May 22, 1991, the Lung Kong Tin Yee Association ("the Association") executed a document entitled "Loan Agreement with Security Interest" ("the Loan Agreement"). The Association entered into the Loan Agreement with Sen B. Lung ("the Lender")

in order to provide repayment for expenditures that the Lender had personally financed for the Association's benefit.  The Loan Agreement provided, in pertinent part:

> One year after the date of this instrument or thereafter upon demand, the undersigned (Maker - Lung Kong Tin Yee Assocation) for value received promises to pay to the order of Sen B. Lung (Lender) fifty thousand dollars ($50,000.00) together with interest from this date at the annual percentage rate of seven (7%) percent per annum.
>
> To secure payment of this note, the undersigned Maker pledges to the Lender and grants him a security interest in the property held by the undersigned at 819 6th Street, N.W., Washington, D.C. (Square 485, Lot 15).
>
> . . .
>
> Upon the occurrence of any such event of default, and at any later time, the Lender shall have the rights and remedies of a secured party under the Uniform Commercial Code of the District of Columbia, including without limitation, the right to sell or otherwise dispose of the subject property.

(Compl. Ex. A.)

The Association did not pay any amount of money to the Lender on May 22, 1992, and the Lender never made a demand for payment of the amount due under the Loan Agreement.  On February 18, 2000, the Lender died.  On February 12, 2001, Respondent was appointed co-executor of the Lender's Estate.  Neither Respondent nor any other representative of the Estate has ever made a demand for payment upon the Association or taken any legal action to enforce the Loan Agreement.  Nevertheless, the Loan Agreement is listed as an "asset" of the Estate on inventories and accounts

filed by Respondent with the Circuit Court for Arlington County, Virginia.

On July 5, 2006, Plaintiff filed this action seeking a judgment declaring that the Loan Agreement is unenforceable against the Association.  Plaintiff claims that the Loan Agreement is insufficient to create a deed of trust or a mortgage in the subject property and that the applicable statute of limitations bars its enforcement.  On August 8, 2006, Respondent filed a motion to dismiss, or in the alternative, for summary judgment.[1]  On August 14, 2006, Plaintiff filed a cross-motion for summary judgment.  These motions are currently before the Court.

## II.  Standard of Review

As set forth in Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate when the moving party can show by affidavits, depositions, admissions, answers to interrogatories, pleadings, or other evidence, "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P.

---

[1] Where "matters outside the pleading are presented to and not excluded by the court," the Court may convert a Rule 12(b)(6) motion to a motion for summary judgment.  Fed. R. Civ. P. 12(b).  In such an instance, the court is required to give all parties "reasonable opportunity to present all material made pertinent to such motion by Rule 56."  Fed. R. Civ. P. 12(b).  *See also Plante v. Shivar*, 540 F.2d 1233, 1235 (4th Cir. 1976).  Because Plaintiff has filed a cross-motion for summary judgment, the Court finds it appropriate to treat Respondent's motion as one for summary judgment and consider the additional evidence submitted by Respondent.

56(c).  Rule 56 mandates entry of summary judgment against a party who "after adequate time for discovery and upon motion . . . fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The moving party is not entitled to summary judgment if there is a genuine issue of material fact in dispute.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A genuine issue of fact exists if a reasonable jury could return a verdict for a nonmoving party.  *See id.*  In other words, summary judgment appropriately lies only if there can be but one reasonable conclusion as to the verdict.  *See id.*  As the Fourth Circuit explained,

> we must draw any permissible inference from the underlying facts in the light most favorable to the party opposing the motion.  Summary judgment is appropriate only where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, such as where the non-moving party has failed to make a sufficient showing on an essential element of the case that the non-moving party has the burden to prove.

*Tuck v. Henkel Corp.*, 973 F.2d 371, 374 (4th Cir. 1992) (internal citations omitted), *abrogated on other grounds in Hazen Paper Co. v. Biggins*, 507 U.S. 604 (1993).

### III.  Analysis

In his complaint, Plaintiff alleges that he is a member, a creditor, and the "successor trustee" of the Association.  To contradict this allegation, Respondent cites the 1957 deed by which the subject real estate was conveyed to the Association.  This deed provides, in pertinent part:

> [T]he irrevocable power to appoint substituted Trustees hereunder is expressly granted to Lung Kong Tin Yee Association, to be exercised at any time hereafter without notice or without specifying any reason therefor, by the election of an successor in office as President, Treasurer, or Secretary in accordance with the constitution of the Lung Kong Tin Yee Association, as it may be amended from time to time, *such appointment to be evidenced by filing for record in the office where this instrument is recorded a certificate* by the then secretary of the Lung Kong Tin Yee Association, certifying the name of any duly elected success to the said offices.

(Def.'s Opp'n to Pl.'s Cross-Mot. for Summ. J., Ex. C (emphasis added.))  The deed was duly recorded in the Office of the Recorder of Deeds for the District of Columbia.  Despite this fact and despite the requirements of the deed, Respondent's counsel, by affidavit, represents that a search for records pertaining to the Association yielded no recorded instruments referencing Plaintiff.

As a general rule, summary judgment is appropriate only after "adequate time for discovery."  *Celotex*, 477 U.S. at 322; *Temkin v. Frederick County Comm'rs*, 945 F.2d 716, 719 (4th Cir. 1991), *cert. denied*, 502 U.S. 1095.  "[S]ummary judgment must be

refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Anderson*, 477 U.S. 242, 250 n.5.  Rule 56 provides:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Fed. R. Civ. P. 56(f).

The party opposing summary judgment bears the burden of showing what specific facts it hopes to discover that will raise an issue of material fact. *See Nguyen v. CNA Corp.*, 44 F.3d 234, 242 (4th Cir. 1995).  "Vague assertions" that more discovery is needed are insufficient.  *Id.*  Courts generally place great weight on a Rule 56(f) affidavit, believing that "[a] party may not simply assert in its brief that discovery was necessary and thereby overturn summary judgment when it failed to comply with the requirement of Rule 56(f) to set out reasons for the need for discovery in an affidavit."  *Evans v. Techs. Applications & Service Co.*, 80 F.3d 954, 961 (4th Cir. 1996) (quoting *Nguyen*, 44 F.3d at 242).

A.   Plaintiff Has Standing

In addition to trustees, officers of an association have standing to bring action to determine and protect the association's rights and interests. *Jeffress v. Titius,* 756

F.Supp. 255, 256 (W.D. Va. 1990).  Virginia Code section 8.01-15 explicitly states that litigation brought on behalf of an unincorporated association should be instituted by officers, members, or those having charge of its affairs.  *Id.* at 257 (citing *Brown v. Virginia Advent Christian Conference*, 76 S.E.2d 240 (Va. 1953)).

In this case, Plaintiff has demonstrated, by affidavit facts, that he is currently acting trustee of the Lung Kong Tin Yee Association, as well as an officer, agent, and representative.  Plaintiff states that he was appointed trustee in 1993 by Mr. Lung, and since that time has personally paid all expenses for upkeep and maintenance of the building on behalf of the Association, amounting to $196,734.88.  Plaintiff supports this assertion with a complete copy of his accounting for expenses paid on behalf of the Association.  Plaintiff also demonstrated through affidavit that he is a long-standing member of the association and the only acting officer of the Association to date.

Plaintiff's affidavit and supporting evidence provide ample support for standing under Virginia Code § 8.01-15 and associated case law.  Respondent's only evidence offered to challenge standing is an affidavit indicating lack of public appointment records evidencing Plaintiff's alleged appointment as a successor trustee of the Association.  Respondent offers no

evidence regarding Plaintiff's membership or status as an officer of the Association.  Given the evidence presented by Plaintiff supporting not only his appointment as trustee, but also his membership and status as the Association's sole officer, the absence of public records regarding appointment as a trustee does not raise a material question of fact.  Nor does Respondent's evidence that the Association is in receivership raise a question about Plaintiff's standing.  Respondent's legal assertion that appointment of a Liquidating Receiver somehow destroys Plaintiff's standing is without merit.  Therefore, this Court finds that the Plaintiff has standing to sue an behalf of the Association.

     B.  <u>Loan Agreement is a Negotiable Instrument, Governed by Virginia's Ten Year Statute of Limitations</u>

Respondent argues that the Loan Agreement is ambiguous, and upon consideration of extrinsic evidence, should be construed as a mortgage or deed of trust instead of a negotiable instrument and thus governed by a twenty year statute of limitations.  Virginia law is applicable to the interpretation and validity of the Loan Agreement, as the Agreement was executed in Virginia.  Under Virginia law, the statute of limitations applicable for negotiable instruments bars recovery when no demand for payment has been made upon the maker of the obligation, and "neither principal nor interest has been paid for a continuous period of 10 years." Va. Code § 8.3A-118(b).  A

twenty year statute of limitations applies, however, to mortgages and deeds of trust. Va. Code § 8.01-241. In this case, recovery is barred by the ten year statute, but not the twenty year statute.

There is ambiguity in a written contract if there is "doubtfulness [or] doubleness of meaning or expression used in a written instrument." *Berry v. Klinger,* 300 S.E.2d 792, 796 (Va. 1983). When a writing is clear an unambiguous, parol evidence is inadmissible to vary the terms of the writing. *Cohan v. Thurston,* 292 S.E.2d 45, 46 (Va. 1982). In the event of an ambiguity in a written contract, such ambiguity must be strictly construed against the drafter of the agreement." *Martin & Martin, Inc. v. Bradley Enterprises,* 504 S.E.2d 849, 851 (Va. 1998).

The Loan Agreement in this case is unambiguous. The Agreement expressly states that the UCC will govern performance issues, which indicates that the Agreement provides only a security interest in personal property. The Agreement mentions nothing about a "mortgage," "real property," "realty," etc. It provides an interest in "*the property held by the undersigned at* 819 6th Street, N.W., Washington, D.C.," not in 819 6th Street itself. Therefore, no mortgage or deed of trusts exists, and parol evidence is inadmissible to show otherwise.

Finally, Respondent refers to a resolution issued by the Association on May 22, 1991, which states that the Loan

Agreement is "secured by a security interest in the building." (*See* Def.'s Mot. to Dismiss Ex. B.)  Respondent claims that this resolution should be construed together with the Loan Agreement, as the two documents were written contemporaneously.  The Virginia Supreme Court "has repeatedly stated that 'where two papers are executed at the same time or contemporaneously between the same parties, in reference to the same subject matter, they must be regarded as parts of one transaction, and receive the same construction as if their several provisions were in one and the same instrument.'"  *Countryside Orthopaedics, P.C. v. Peyton*, 541 S.E.2d 279, 284 (Va. 2001) (quoting *Oliver Refining Co. v. Portsmouth Cotton Oil Refining Corp.*, 64 S.E. 56, 59 (Va. 1909).

   In this case, the resolution was never executed by both parties.  It is not a contemporaneous agreement, but rather a unilateral (albeit contemporaneous) pronouncement by only one of the parties to the Loan Agreement. The resolution is thus parol evidence, which is inadmissible because the Loan Agreement itself is unambiguous.  Because the Loan Agreement unambiguously provides a security interest in personal property, it is subject to the ten year statute of limitations under Virginia law, and is now unenforceable against Plaintiff.  Therefore, this Court will grant Plaintiff's motion for summary judgment.

## IV. Conclusion

For the foregoing reasons, the Court will **deny** Respondent's motion for summary judgment, and **grant** Plaintiff's cross-motion for summary judgment.

October 2, 2006  _____/s/_____
Alexandria, Virginia          James C. Cacheris
                     UNITED STATES DISTRICT COURT JUDGE